UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DARRON VAUGHN JEFFRIES, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 05-97-B-W |
| UNIVERSITY OF MAINE GRADUATE SCHOOL and UNIVERSITY OF MAINE SCHOOL OF AGRICULTURE, | ) ) ) ) ) |
| Defendants | ) ) |

*Recommended Decision on Motion for a Temporary Restraining Order*

Darron Jeffries has filed a civil rights action against the University of Maine Graduate School and the University of Maine School of Agriculture complaining that he was not accorded a fair testing procedure and was discriminated against as a graduate student in the Food and Nutritional Sciences Doctorial program. With his complaint Jeffries has filed a motion for a temporary restraining order. (Docket No.3.) In this motion Jeffries states as the reason he is entitled to relief:

> The case is under investigation by the United States Department of Education – Office of Civil Rights during which a[] complaint number was assigned (01-05-2061), June 16, 2005 a response letter from The Graduate School, stated that dismissal action and loss of my salary and funding would be initiated. Under the Office of Civil Rights (OCR) Prohibition on Retaliation, retaliation should not be imposed while this case is under investigation by OCR. Also, Institute of Food Technologists (IFT), has granted a peer reviewed poster for research to me to present on July 14-20, 2005, in the Food Laws and Regulation (FLR) Division, on ethics and morals in the future careers of jobs in FLR. In which I was not given any funding to present this peer reviewed research, in which every other participant from my department was funded to attend.

It appears that Jeffries wants this court to enjoin the defendants from proceeding with the dismissal action and from curtailing his salary and funding.

The First Circuit has "crafted a four-part framework for use in determining whether the grant or denial of preliminary injunctive relief is appropriate. Under this formulation,"

> trial courts must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 -16 (1st Cir. 1996). "Likelihood of success is the main bearing wall of the four-factor framework." Id. at 16.

Based on Jeffries's one paragraph presentation in his motion for preliminary injunction and a review of the factual allegations in the complaint, it is not possible to make a defensible determination as to any of the four factors set forth in Ross-Simons of Warwick, Inc. Although I recognize that as a pro se plaintiff meeting the standard for a temporary injunction is a substantial hurdle, a preliminary injunction such as requested by Jeffries is an extraordinary equitable remedy vis-à-vis which, as the movant, he carries the burden. Accordingly, I recommend that the Court **DENY** the motion for a temporary restraining order and preliminary injunction without prejudice to future requests for injunctive relief made upon a proper showing and after notice is given to the defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive

memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated July 13, 2005.